[No. 1640.]

THOMAS KENNEDY, RESPONDENT, *v.* MINNIE F. KENNEDY, APPELLANT.

HEARSAY EVIDENCE.

1. Defendant may not have witness give in evidence a conversation between her and witness as to her physical condition on a certain day, it being hearsay.

ON REHEARING.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

1. In a divorce suit, in which the evidence on which plaintiff had judgment was mainly his own testimony, defendant is entitled to a new trial on the ground of newly discovered evidence; her motion being supported by plaintiff's affidavit, stating he was mistaken in the testimony he gave, specifying the particulars, which embrace the essential facts in the case.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *B. F. Curler*, Judge.

Action by Thomas Kennedy against Minnie F. Kennedy. From a judgment for plaintiff, defendant appeals. **Affirmed.**

On petition for rehearing, judgment **reversed,** and a new trial of the case ordered.

The facts sufficiently appear in the opinions.

*Norcross & Orr*, for Appellant:

I. The defendant moved for a new trial upon the grounds of newly discovered evidence, error in law occurring at the trial, that the decision is not supported by the evidence, and that the evidence is against law. The motion was denied. Appellant confidently believes that an examination of the

evidence given upon the trial will convince this honorable court that it is very far short of being sufficient to base a finding of adultery. There is no pretension of any direct testimony concerning the alleged act of adultery. The plaintiff's case, therefore, must rest upon the sufficiency of circumstantial evidence. While we do not dispute the proposition that adultery can be, and usually is, established by circumstantial evidence, but "one obvious proposition, relating to the proof by circumstances, is that every act of adultery implies three things; first, the opportunity; secondly, the disposition in the mind of the adulterer; thirdly, the same in that of the *particeps criminis."* (2 Bishop on Marriage and Divorce, 619, 625, 627; *Pollock* v. *Pollock,* 71 N. Y. 137; *Harberger* v. *Harberger* (Oregon) 14 Pac. 70; *Burke* v. *Burke,* 44 Kan. 307, 24 Pac. 466.) We contend that the evidence in this case establishes but one of the circumstantial elements of the act of adultery, that of opportunity alone.

II.   While we believe that there is nothing in the evidence given upon the trial that justifies the decision, nevertheless the affidavits showing newly discovered evidence destroy the effect of the two principal circumstances relied on in support of the judgment. Upon a new trial, with the plaintiff's testimony modified in accordance with his affidavits, there would remain absolutely nothing upon which even to base a pretense of a case.

III.   It was error for the court to refuse to permit Mrs. Heidrick to testify with regard to conversation with the defendant relative to her physical condition. Such testimony would have corroborated the defendant.

IV.   It was error for the court to render judgment requiring defendant to convey her real property to the plaintiff. (Comp. Laws 1900, 507.)

*Benjamin Curler,* for Respondent.

ON PETITION FOR REHEARING.

*Norcross & Orr,* for Appellant:

I.   We contend that in cases of adultery, where the evidence is susceptible of a different construction than that indicating guilt, the court has no discretion, but must decide in

favor of the innocence of the accused party. "The circum-stances when viewed together must be incompatible with innocence, and, if reasonably capable of two interpretations, that interpretation which favors innocence will be adopted." (9 Am. & Eng. Ency. of Law, 2d ed. 750; see also authorities cited in note 1.)

II. By the judgment of the lower court a decree of divorce was not only granted the plaintiff, but the defendant was required to execute a deed conveying to her husband her interest in the real estate in San Francisco held by them jointly. Section 507 of the Compiled Laws of this state pro-vides that where the husband is adjudged guilty of adultery the wife shall be entitled to the same proportion of his lands and property as if he were dead. But there is no such pro-vision of law where the wife is adjudged the guilty party. If this portion of the decree is to find support in law it must be under the provisions of section 508. Under this section it is provided that, upon granting a divorce, the court shall make such disposition of the property as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce and the person through whom the property was acquired, and to the burdens imposed on it, for the benefit of the children. In acquiring this property the wife's efforts equaled, if not exceeded, that of her husband. By the decree of divorce the defendant is compelled to fight the battles of life alone. The court awards her one of the children, and then deprives her of her property "for the benefit of the chil-dren." Under the statute, it would seem that the court, in disposing of the property rights, should have in view the "benefit of the children." Where there are two children, and one is awarded to one parent and the other to the other, how can it be for the benefit of the child awarded to the mother, to take from that mother the property by which it may be supported?

By the Court, BELKNAP, C. J.:

This is an appeal from a judgment and order denying a motion for new trial in a divorce proceeding, taken upon two grounds: First, error in law, in refusing to admit evi-

dence of a conversation between the witness and defendant relative to her physical condition upon a certain day; and, second, that the judgment and decision are contrary to and unsupported by the evidence. Upon the first ground, the excluded testimony was hearsay. Upon the second ground, the evidence may be susceptible of a different construction; but the district court, having an opportunity to observe the demeanor of the witness, and to estimate the weight to be attached to the testimony, denied the motion, and its discretion will not be disturbed by this court. Upon the motion an affidavit of respondent was filed, showing that he had given certain testimony at the trial which he believed at the time to be true, but upon reflection, after an interval of several months, now thinks may be unjust to defendant in several particulars. Conceding the facts stated in the affidavit to be true, there still remains enough in the testimony taken at the trial to support the judgment.

Judgment and order affirmed.

TALBOT, J.: I concur.

## ON REHEARING.

By the Court, FITZGERALD, J.:

Plaintiff recovered judgment against defendant, dissolving the bonds of matrimony between them. Defendant moved for a new trial on the grounds of newly discovered evidence.

The question for determination is, is the newly discovered evidence sufficient to entitle defendant to a new trial? I think it is. The evidence on which the judgment of divorce was granted was mainly that of the plaintiff. In support of her motion for a new trial, defendant filed an affidavit of the plaintiff, in which he says he was mistaken in the testimony that he gave at the trial; specifying the particulars in which he was mistaken.

The particulars specified embrace all the essential facts of the case on which a judgment of divorce could have been granted. Since the plaintiff, under oath, admits that he was mistaken in these facts, it should be taken as true that the newly discovered evidence completely overthrows and nullifies the evidence given at the trial, and on which the judgment of divorce was granted.

The judgment of the trial court denying the motion of defendant for a new trial is reversed, and a new trial of the case is ordered.

TALBOT, J.: I concur.

BELKNAP, C. J.: I dissent.